IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TOM FORTUNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-1009-JTM |
| | ) | |
| SYNTHES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

Upon request by the parties for an order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in designated ways,

IT IS HEREBY ORDERED:

1.     As used in this Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Confidential - Attorneys' Eyes Only" documents are defined as those documents that are highly sensitive from a commercial or technical standpoint, that have not been released commercially or publicly, and that may provide a competitor with a competitive advantage.  This subset of documents shall be designated pursuant to paragraph 5;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Written Assurance" means an executed document in the form attached as Exhibit A.

2.     By identifying a document Confidential, a party may designate any document, including interrogatory responses, other discovery responses, or transcripts, that it in good faith contends constitute or contain trade secret or other confidential information.

3.     All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of the case captioned Tom Fortune v. Synthes (U.S.A.), Case No. 07-CV-1009-JTM-DWB, currently pending in the United States District Court for the District of Kansas.  No person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 4.  Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of additional intellectual property rights.

4.     Access to any Confidential document shall be limited to:

(a)     the Court and its officers;

(b)     Attorneys and their office associates, legal assistants, and stenographic and clerical employees;

(c)     persons shown on the face of the document to have authored or received it;

(d)     deponents and witnesses who have either signed the "Written Assurance" document attached hereto as Exhibit "A" or who are current employees of defendant Synthes (U.S.A.);

(e)     court reporters and videographers retained to transcribe or film testimony;

(f)     inside counsel, paralegals and legal assistants for defendant Synthes (U.S.A.);

(g)     outside independent persons (i.e., persons not currently employed by, consulting with, or otherwise associated with any party) who are

retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action.

5.     The parties shall have the right to further designate Confidential documents or portions of documents as "Confidential - Attorneys' Eyes Only." Disclosure of such information shall be limited to the persons designated in paragraphs 4(a), (b), (c), (e), (f) and (g).  Such documents may also be disclosed to deponents or witnesses who are current employees of the party who produced the documents, or to deponents or witnesses who are past employees or consultants of the party who produced the documents, provided such past employees or consultants have signed the "Written Assurance" document attached hereto as Exhibit "A."

6.     Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential - Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action.  A copy of this Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as Confidential - Attorneys' Eyes Only for a period of 15 days from the date of their production, and during that period any party may designate such documents as Confidential or Confidential - Attorneys' Eyes Only pursuant to the terms of this Protective Order.

7.     Each person appropriately designated pursuant to paragraph 4(g) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit "A."  Opposing counsel shall be notified at least 10 days prior to disclosure to any such person who is known to be a current employee of any competitor

of the party whose designated documents are to be disclosed.  Notice shall also be given before documents are disclosed to any person who has, within the past 5 years, been an employee, agent or consultant to a competitor (in the medical device field) to a party whose designated documents are to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

8.     All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated Confidential or Confidential - Attorneys' Eyes Only and thereby obtain the protections accorded other Confidential or Confidential - Attorneys' Eyes Only documents.    Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as Confidential Attorneys'-Eyes Only during the 10-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9.     Any party who inadvertently fails to identify documents as Confidential - Attorneys' Eyes Only shall have 10 days from the discovery of its oversight to correct its failure.  Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such

inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

10.     Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request.  The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

11.     If a party seeks to file a document containing Confidential information with the Court, it shall first file a motion for leave to file that document under seal, and if the Court grants the motion, it shall file the document in compliance with the Electronic Case Filing Procedures for the District of Kansas or other applicable procedure set by the Court.  Prior to disclosure at trial or a hearing of materials or information designated Confidential, or Confidential - Attorneys' Eyes Only, the parties may seek further protections against public disclosure from the Court.

12.     Any party may request a change in the designation of any information designated Confidential and/or Confidential - Attorneys' Eyes Only.  Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as Confidential and/or Confidential - Attorneys' Eyes Only in the action may be affected.  The party asserting that the material is Confidential shall have the burden

of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13.     Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as Confidential, and all copies of such documents, and shall destroy all extracts and/or data taken from such documents.  Each party shall provide a certification as to such return or destruction within the 60-day period.  Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action.

14.     Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15.     No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16.     The obligations imposed by this Protective Order shall survive the termination of this action.  Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated Confidential from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court shall destroy all Confidential materials.

**IT IS SO ORDERED.**

Date: April 27, 2007                    <u>  S/   Donald W. Bostwick</u>
                                        Hon. Donald W. Bostwick
                                        United States District Court Judge

**EXHIBIT A**
**WRITTEN ASSURANCE**

_____ declares that:

I reside at in the city of _____, county _____, state of _____; I am currently employed by _____ located at _____ and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____, filed in Case No. 07-CV-1009-JTM-DWB, pending in the United States District Court for the District of Kansas. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Confidential - Attorneys' Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall, subject to Paragraph 12 of the Protective Order, return to the attorney from whom I have received any documents in my possession designated "Confidential" or "Confidential - Attorneys' Eyes Only", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Kansas and any other court that may assert jurisdiction over this case for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    _____        _____
                    (Date)                              (Signature)